UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE

CHRISTOPHER J. VAN METER                                        CASE NO. 24-21033

DEBTOR                                                                              CHAPTER 13

AMERICAN SOUND & ELECTRONICS, INC., *et al.*                    PLAINTIFFS

V.                                                                                        ADV. NO. 25-2002

CHRISTOPHER J. VAN METER                                        DEFENDANT

**MEMORANDUM OPINION**
**GRANTING SUMMARY JUDGMENT TO DEFENDANT**

On May 14, 2025, the Court overruled the Motion for Summary Judgment filed by Plaintiffs American Sound & Electronics, Inc. and Patrick Friend. [ECF No. 26.] The Court also advised it would consider granting a summary judgment in favor of Defendant/Debtor Christopher J. Van Meter under Civil Rule 56(f)(3) (incorporated herein via Bankruptcy Rule 7056).[1] For the reasons that follow, Defendant is entitled to a judgment as a matter of law dismissing the single claim alleged against him in this proceeding without prejudice.

I.     **Pertinent Factual and Procedural History.**

According to the Complaint [ECF No. 1] and the Answer [ECF No. 14], there is no dispute that Defendant owes each Plaintiff a debt based on a state court judgment arising from a defamation lawsuit. Shortly after the state court entered its judgment on October 18, 2024, Defendant filed his chapter 13 bankruptcy petition on December 4, 2024. Plaintiffs filed their Complaint to initiate this proceeding on January 23, 2025. It contains one count alleging the

---

[1] References to the Federal Rules of Bankruptcy Procedure appear as "Bankruptcy Rule," and references to the Federal Rules of Civil Procedure appear as "Civil Rule." Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

judgment debt Defendant owes to each Plaintiff is nondischargeable under § 523(a)(6).

On April 10, 2025, Plaintiffs filed a Motion for Summary Judgment on the § 523(a)(6) claim, which Defendant opposed. [ECF Nos. 15, 21.] After hearing argument on May 13, 2025, the Court explained from the bench why Plaintiffs' motion would be denied. In sum, Plaintiffs were not entitled to a judgment as a matter of law because Plaintiffs' § 523(a)(6) claim is subject to discharge under § 1328(a) and, accordingly, Plaintiffs' claim is not ripe for adjudication.

In the Order denying Plaintiff's Motion, the Court provided the parties an opportunity to object and supplement the record regarding whether the Court should grant summary judgment in Defendant's favor under Civil Rule 56(f)(3). No objections or supplements were filed. A sufficient factual record exists to resolve the narrow issue addressed herein and award a summary judgment to Defendant as a matter of law.

## II.    Jurisdiction and Standard of Review.

This Court has jurisdiction over this proceeding. 28 U.S.C. § 1334(a). Venue is proper in this District. 28 U.S.C. § 1409. This is a core proceeding. 28 U.S.C. § 157(b)(2)(I).

Civil Rule 56(f)(3) permits a court, after giving notice and a reasonable time to respond, to "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." FED. R. CIV. P. 56(f)(3). "The emphasis on 'notice' and an 'opportunity to respond' ensures that a party can present evidence showing a genuine issue of material fact to defeat summary judgment." *Jones v. State Farm Mut. Auto. Ins. Co.*, 653 Fed. App'x 598, 608 (10th Cir. 2016) (citation omitted); *see also Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc.*, 131 F.3d 874, 892 (10th Cir. 1997) (stating a court "may grant summary judgment sua sponte 'so long as the losing party was on notice that [it] had to come forward with all of [its] evidence.'") (alterations in original) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317,

326 (1986)).  Once the Court invokes Civil Rule 56(f), the party asserting the claims "ha[s] the burden to respond . . . by establishing [their] claims are legally viable and sufficient evidence exists to prove all elements of the claims." *Bailey v. Bailey* (*In re Bailey),* Adv. No. 22-1001, 2022 WL 17835174, at *2 (Bankr. E.D. Ky. Dec. 21, 2022).

### III. Plaintiffs' § 523(a)(6) claim is not ripe since any debts falling under this Code provision may be discharged under § 1328(a).

Plaintiffs' only cause of action alleged in the Complaint is brought under § 523(a)(6), which states a debt may be excepted from a debtor's discharge when it is "for willful and malicious injury by the debtor to another entity or to the property of another entity."  11 U.S.C. § 523(a)(6).  Debts falling within § 523(a)(6), however, are subject to the discharge in a chapter 13 case when a debtor successfully completes their chapter 13 plan.  *See* 11 U.S.C. § 1328(a); *see also In re Bodrick*, 534 B.R. 738, 745 (Bankr. S.D. Ohio 2015) (holding that a "cause of action under § 523(a)(6) [is not] an exception to the chapter 13 discharge" under 1328(a)); *Thomas v. Alheit (In re Alheit)*, Adv. No. 17-1138, 2018 WL 3807811, at *2 (Bankr. N.D. Ohio Aug. 8, 2018) (finding that "[a]lthough § 1328(a) contains exceptions to discharge based on certain subdivisions of § 523(a), § 523(a)(6) is not one of them.").

Defendant is a debtor in a chapter 13 case.   If he confirms a chapter 13 plan and makes all plan payments, then the debt Defendant owes to each Plaintiff will be discharged under § 1328(a) even if Plaintiffs otherwise would be entitled to relief under § 523(a)(6).

The Court recognizes that debts falling within the exception to discharge under § 523(a)(6) may be excepted from a hardship discharge sought under § 1328(b).  Defendant has not filed a motion for a hardship discharge in his main bankruptcy case, and so Plaintiffs currently have no grounds to rely on § 523(a)(6) to find the debt nondischargeable.  Thus, the § 523(a)(6) claim "is not ripe at this time."  *Direct Capital Group v. Hadley (In re Hadley)*, Adv.

3

No. 09-07141-FJS, 2011 WL 3664609, at *17 (Bankr. E.D. Va. Aug. 19, 2011). *See also Dumar v. McEachin (In re McEachin)*, Adv. No. 24-4311, 2024 Bankr. LEXIS 2191 at *1-2 (Bankr. E.D. Mich. Sept. 19, 2024) (holding "the Plaintiff's nondischargeability claim under § 523(a)(6) is not yet ripe for adjudication, and it may never become ripe.").[2]

Further, despite having the opportunity, Plaintiffs chose not to file a response after the Court invoked Civil Rule 56(f). Plaintiffs have failed to meet their burden of showing their claim is viable. *Bailey*, 2022 WL 17835174, at *2.

### IV. Conclusion.

For these reasons, Defendant is entitled to a summary judgment under Civil Rule 56(f)(3), dismissing this adversary proceeding without prejudice. A separate judgment will be entered concurrently with this Memorandum Opinion.

---

[2] While a claim under § 523(a)(6) often is unripe at the beginning of a chapter 13 case, a bankruptcy court will set a deadline to file a complaint seeking relief under this section if a chapter 13 debtor seeks a hardship discharge under § 1328(b). FED. R. BANKR. P. 4007(d). Again, that has not occurred in Defendant's main bankruptcy case.

4

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Douglas L. Lutz*
**Bankruptcy Judge**
**Dated: Friday, May 23, 2025**
**(dll)**